Christina Lovato
Bankruptcy Trustee
P.O. Box 18417
Reno, NV 89511
trusteelovato@att.net
(775) 851-1424

E-filed on January 27, 2014

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br><br>    KIRK, JOHN J.<br><br>    KIRK, DULCE M.<br><br><br><br>        DEBTOR(S) | BK-N-13-51486-BTB<br>CHAPTER 7<br><br>**TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE SHORT SALE OF REAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. §§ 363(b) AND (f); APPROVING PAYMENT OF REAL ESTATE COMMISSION; AND APPROVING THE BUYER'S PREMIUM**<br><br>HEARING DATE:  February 25, 2014<br>HEARING TIME:  2:00 p.m.<br>LOCATION:  300 Booth Street, Reno, NV 89509. 5th Floor - Courtroom 2 |

Christina Lovato, chapter 7 trustee ("Trustee") for the bankruptcy estate of the above-named Debtors (the "Estate"), requests an order authorizing the short sale of real property of the estate free and clear of liens pursuant to 11 U.S.C. §§ 363(b) and (f); approving the payment of the real estate commission; and approving the payment of a buyer's premium as a carve-out to the Estate (the "Sale Motion").  Trustee requests that the Court take judicial notice of the papers on file in this case and her separately filed supporting declaration.

As set forth below, this is a short sale of the real property located at 614 Brook Lane, Fernley, Nevada  89408 (the "Property").  The Trustee has received an offer from Red Lyon Homes, LLC ("Buyer") to purchase the Property free and clear of liens for total consideration of $73,000 (the "Purchase Price"), plus an additional $15,000 to be paid as a carve-out to the Estate by the Buyer ("Buyer's Premium").  All other monetary obligations that would normally need to be paid at the close of escrow, such as amounts necessary to pay real property taxes, brokerage commissions, closing costs and other costs of sale shall be paid through escrow from the

/ / /

sale proceeds and shall not be borne by the Estate. This is a true short sale as the total consideration is less than the total amount owed to the lienholder.

The Property was actively marketed for approximately two months. It is believed that extending the bidding deadline will provide no additional benefit to the Estate as the highest and best bids have already been received and the Property should be sold as soon as possible to maximize the benefit for the Estate.

The Trustee understands that, in order to complete the short sale process, the creditor holding the first priority lien on the Property, JPMorgan Chase Bank, N.A. ("Chase"), has requested (or is anticipated to request) that the Trustee file this Sale Motion. Thus, the Trustee anticipates that Chase will have no objection to the sale as proposed. The Trustee understands (and as is customary) that at closing, Chase may want to negotiate the final allowed or disallowed costs and/or the final payoff to the lender. Provided that the Estate receives the $15,000 Buyer's Premium at closing, the Trustee requests authorization to work with and agree with the lender to resolve the allowance and disallowance of costs and/or payoff amounts as part of the escrow closing without the need for further notice, hearing or court order.

The Trustee proposes to sell the Property free and clear of liens under 11 U.S.C. § 363(f). If this Sale Motion is not approved, any and all benefit to the Estate will be completely lost as it is likely that Chase will foreclose on the Property on account of its underwater status and delinquent obligations. As will be discussed further below, the Trustee believes that good cause exists to grant the Sale Motion so the Trustee does not lose this favorable business opportunity for the Estate.

**FACTS**

1.  The Debtors commenced their bankruptcy case under chapter 7 by filing a voluntary petition on July 26, 2013 (**DE 1**).

2.  Movant is the duly appointed, qualified and acting Trustee for the Estate.

3.  Debtors scheduled 614 Brook Lane as a real property asset of the Estate on Schedule A and valued the Property as $70,000. On Schedule D, Debtors scheduled a first mortgage with Chase in the amount of $97,989 and a junior home equity line of credit with Wells Fargo Bank in the amount of $24,999. Debtors also scheduled a garbage lien in favor of Waste Management in the

amount of $437.75. Debtors filed a statement of intention to surrender the Property. A copy of Debtors' Schedules A, D and Statement of Intention are attached to the Declaration of Christina Lovato ("Lovato Declaration") as **Exhibit 1** and incorporated herein by reference. The Property is legally described as stated in the Preliminary Title Report dated December 18, 2013, a true and correct copy of which is attached to the Lovato Declaration as **Exhibit 2**.

4. On September 24, 2013, the Trustee filed an ex parte application to employ RE/MAX Realty Affiliates, Inc. ("RE/MAX") to assist her with effectively listing and marketing the Property for sale, as well as negotiating a short sale with the lender and sales price to prospective buyers to provide a benefit to the Estate. A court order approving RE/MAX's employment was entered on September 25, 2013 (**DE 21**). The listing agreement called for a real estate commission to be paid of six percent (6%) of the Purchase Price.

5. Following extensive marketing by RE/MAX, Trustee has received the highest and best offer from Red Lyon Homes, LLC to buy the Property for the sum of $73,000, as evidenced by the Residential Offer and Acceptance Agreement and related addenda (collectively, the "Agreement") attached to Lovato Declaration as **Exhibit 3** and incorporated herein by reference. Attached as **Exhibit 4** to the Lovato Declaration is a true and correct copy of the HUD-1 estimated settlement statement for the transaction. Based on their experience with short sales, RE/MAX is aware that the lenders often their own appraisals or otherwise determine the fair market value of the subject real property before approving the short sale and may counter the offer price. As such, RE/MAX believes that Chase will obtain its own appraisal of the Property before approving the short sale proposed herein. That is, upon final approval of the short sale, Chase will have determined that the Purchase Price for the Property is for fair market value.

5. An escrow has been opened at Northern Nevada Title Company, escrow number 1101142-WD and a $2,000 deposit has been placed with said title company.

6. Trustee has reviewed the Preliminary Title Report attached to the Lovato Declaration as **Exhibit 2** and incorporated herein by reference. From the Debtors' schedules and the Preliminary Title Report, Trustee believes that the total liens against the Property exceed $123,000. The following chart sets forth and accounts for all of the recorded liens and

encumbrances against the Property and their proposed treatment through the sale:

| Creditor | Description | Estimated Amount Owed | Proposed Payout Amount | Treatment of Lien Through Sale |
|---|---|---|---|---|
| JPMorgan Chase Bank, N.A. | Beneficiary of first priority deed of trust recorded July 25, 2003 as document no. 301098. An assignment of the beneficial interest in favor of Chase Manhattan Mortgage Corporation was recorded on February 12, 2004 as document no. 313863. Listed in Debtors' schedules as being owed $331,500. An order for relief from stay was entered on November 26, 2013. | $97,989 (scheduled by Debtors – actual payoff amount TBD) | $63,520 (estimated) | This lien will be paid through escrow on the sale of the Property in the amount approved by lender. Thus, this lien will be released, discharged and terminated at the close of escrow and the Property will be sold free and clear of this lien and the lien will not attach to the sale proceeds. |
| Wells Fargo Bank, N.A. | Beneficiary of second priority deed of trust recorded November 14, 2006 as document no. 397555 in the original amount of $25,000. | $24,999 (scheduled by Debtors – actual payoff amount TBD) | $3,000 (estimated) | This lien will be paid through escrow on the sale of the Property in the amount approved by lender. Thus, this lien will be released, discharged and terminated at the close of escrow and the Property will be sold free and clear of this lien and the lien will not attach to the sale proceeds. |
| Waste Management of Nevada, Inc. | Lien for garbage fees recorded on September 6, 2013 as document no. 512111 | $502.75 | To be paid in full | This lien will be paid through escrow on the sale of the Property in the amount approved by lender. Thus, this lien will be released, discharged and terminated at the close of escrow and the Property will be sold free and clear of this lien and the lien will not attach to the sale proceeds. |

7. Trustee has received the highest and best offer from the Buyer to purchase the Property for $73,000, plus a carve-out of $15,000 to be paid to the Estate. All other monetary obligations that the Trustee on behalf of the Estate as the seller of the Property would normally pay at the close of escrow (*i.e.*, real property taxes, brokerage commissions, closing costs and other costs of sale) shall be paid through escrow from the sale proceeds. A non-exhaustive summary of the terms and highlights of the Agreement between Trustee and the Buyer are discussed below:

| | |
|---|---|
| Buyer: | Red Lyon Homes, LLC<br>1833 Camelback Drive<br>Sparks, NV 89434 |
| Purchase Price: | $73,000, plus a carve-out payment of $15,000 to the Estate.<br><br>The Trustee is proposing that the lender, Chase, agree to reduce its loan balance by an amount sufficient to permit the proceeds of the sale to pay the lender's loan balance (as reduced), real property taxes, brokerage commissions, closing costs and other monetary obligations the Agreement requires the Trustee on behalf of the Estate as the seller of the Property to pay at the close of escrow (including, but not limited to, escrow charges, title charges, documentary transfer taxes) without requiring the Estate to place any funds into escrow or have any continuing obligation to the senior lienholder, Chase.<br><br>Amount to be paid by Buyer at closing – $91,579.70 |

Trustee's Motion to Sell Real Property - 4

| | | |
|---|---|---|
| Escrow Holder and Closing Date: | The escrow shall be held at Northern Nevada Title Company, 1483 US Highway 395 N #B, Gardnerville, NV 89410. Escrow is scheduled to close as soon as possible after Court approval. | |
| Cost of Sale and Payments Through Escrow (including commission): | <ul><li>Outstanding real property taxes shall be paid.</li><li>$63,520.00 (estimated) to Chase in full satisfaction of its first priority lien.</li><li>$3,000.00 (estimated) to Wells Fargo in full satisfaction of its second priority lien.</li><li>$502.75 (estimated) to Waste Management in full satisfaction of its third priority lien.</li><li>6% brokers commission (totaling $4,380.00) to be split between RE/MAX and Buyer's broker.</li><li>$1,095.00 short sale negotiation fee to be paid to Great Nevada Homes, Inc., plus $176 as reimbursement for motion filing fee expense advanced by Great Nevada Homes, Inc.</li><li>$15,000 to the Trustee on behalf of the Estate to be retained by the Estate free and clear of any liens or interests.</li><li>Payment of closing costs and other monetary obligations the Agreement requires the Trustee on behalf of the Estate as the seller of the Property to pay at the close of escrow (including, but not limited to, escrow charges, title charges, documentary transfer taxes) without requiring the Estate to place any funds into escrow or have any continuing obligation to the senior lienholder, Chase.</li><li>Payment of the balance of the sale proceeds, if any, to the senior lienholder, Chase.</li></ul> | |
| Bankruptcy Court Approval: | The sale is expressly conditioned on approval of the United States Bankruptcy Court for the Northern District of Nevada and entry of a final order approving this Sale Motion. | |
| Final Approval from Lender: | The Trustee understands that, in order to complete the short sale process, Chase is requesting (or is anticipated to request) that the Trustee file this Sale Motion. Except for the Buyer's Premium, all other costs are subject to final acceptance and approval by Chase. | |
| Terms of Sale – Purchase Without Warranties: | Buyer acknowledges that Buyer is purchasing the Property from the Seller "AS IS" without warranties of any kind, expressed or implied, being given by Seller, concerning the condition of the Property or the quality of the title thereto, or any other matters relating to the Property. Buyer represents and warrants that Buyer is purchasing the Property as a result of its own investigations and is not buying the Property pursuant to any representation made by any broker, agent, accountant, attorney or employee acting at the direction, or on the behalf of the Seller, except as expressly set forth in the Agreement. Buyer acknowledges that Buyer has inspected the Property, and upon closing of escrow governed by this Agreement, Buyer forever waives, for itself, its heirs, successors and assigns, all claims against the Debtors, their attorneys, agents and employees, the Estate, Christina Lovato as Trustee and individually, and her attorneys, agents and employees, arising or which might otherwise arise in the future concerning the Property. | |
| Terms of Sale – Free and Clear of Liens and Encumbrances: | The sale of the Property shall be free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363(f). The Property shall be delivered to the Buyer free and clear of all liens and encumbrances.<br><br>Out of an abundance of caution, any liens and interests against the Property that are not paid/resolved through escrow shall attach to the residual sale proceeds, <u>if any</u>, (but excluding the Estate's carve-out amount of $15,000) that may be generated through the sale with the same force, effect, validity, and priority as such liens or interests had with respect to the Property prior to the sale. | |

## **LEGAL DISCUSSION**

Section 363(b) provides, generally, that other than sales in the ordinary course of a debtor's business, sales of estate assets can only be conducted after notice and hearing. In addition, trustees' sales of assets are governed by the business judgment rule. Despite there being no equity in the Property, the proposed sale will generate unencumbered cash for the Estate in the amount of $15,000. The claims bar date expired on December 2, 2013. The total claims filed amount to $25,729 (all unsecured). If the sale is approved, unsecured creditors are expected to receive a meaningful distribution.

In turn, where a sale is to be free and clear of liens and encumbrances, at least one of the conditions of § 363(f) must be satisfied:

 (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

 (2) such entity consents;

 (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

 (4) such interest is in bona fide dispute; or

 (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The Trustee is currently negotiating the approval of the short sale with the senior lienholder, Chase, and the proposed short sale is ultimately subject to the approval of the senior lienholder. The Trustee anticipates that Chase will approve the sale and upon the lender's approval, the Trustee will have satisfied § 363(f)(2).

There is also a second priority deed of trust in favor of Wells Fargo Bank, N.A. ("Wells Fargo") in the amount of approximately $25,000. Trustee is currently negotiating the payoff with Wells Fargo and anticipates that Wells Fargo will provide consent to the sale.

The third priority lien to Waste Management of Nevada, Inc. ("Waste Management") will be paid in full at closing.

A purchaser of property is protected from the effect of reversal upon appeal of the authorization to sell or lease as long as the Court finds the purchaser acted in good faith and the appellant fails to obtain a stay of the sale. See, 11 U.S.C. § 363(m).

Here, the Buyer was procured solely as a result of traditional marketing efforts. The Trustee, through RE/MAX, further submits that negotiations were at arms-length, Trustee has no relationship with the Buyer, and there was no self-dealing associated with this sale. Accordingly, the Trustee requests that the Court make a finding that Buyer is a good-faith purchaser of the Property, within the meaning of § 363(m).

Federal Rule of Bankruptcy Procedure 6004(h) provides that "[a]n order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after the entry of the order, unless the Court orders otherwise." F.R.Bankr.P. 6004(h). The

Trustee desires to close the sale of the Property as soon as practicable after entry of an order approving the Sale Motion. Accordingly, the Trustee requests that the Court waive the fourteen-day stay requirement.

## CONCLUSION

**WHEREFORE**, based upon the foregoing, the Trustee respectfully submits that good cause exists for granting the Sale Motion and requests that the Court enter an order as follows:

1.  Authorizing the Trustee to sell the Property on an as-is, where-is basis, without any warranties or representations, to the Buyer for total consideration of $73,000, plus a Buyer's Premium (carve-out) of $15,000 to be paid to the Estate by the Buyer for distribution to unsecured creditors of the Estate.

2.  Approving the sale of the Property free and clear of all liens, claims, interests and encumbrances, subject only to consent by the first and second lienholders, Chase and Wells Fargo.

3.  Authorizing the payment of liens, costs of sale and other expenses directly from sale proceeds at the close of escrow, including but not limited to:

    a.  Payment of outstanding real property taxes, if any.

    b.  Payment of approximately $63,520.00 to lienholder, Chase, in full satisfaction of its senior priority lien against the Property.

    c.  Payment of approximately $3,000.00 to lienholder, Wells Fargo, in full satisfaction of its second priority lien against the Property.

    d.  Payment of approximately $502.75 to lienholder, Waste Management, in full satisfaction of its third priority lien against the Property.

    e.  Payment of a six percent (6%) real estate commission in the amount of $4,380.00 to be split between RE/MAX and the Buyer's broker, Harcourts NV1, pursuant to the terms of the Agreement.

    f.  Payment of a $1,095.00 short sale negotiation fee to Great Nevada Homes, Inc., plus reimbursement of the $176.00 motion filing fee advanced by Great Nevada Homes, Inc.

    g.  Payment of the Buyer's Premium in the amount of $15,000 to be paid by Buyer to the Estate as a carve-out based on Chase's consent to the sale.

     h.     Payment of closing costs and other monetary obligations as required by the Agreement of the Trustee on behalf of the Estate as the seller of the Property at the close of escrow (including, but not limited to, escrow charges, title charges, and documentary transfer taxes) without requiring the Estate to place any funds into escrow or have any continuing obligation to the lienholders. In connection therewith, provided that the Estate receives the $15,000 Buyer's Premium at closing, authorizing the Trustee to resolve any disputes over the allowance and disallowance of costs and/or payoff amounts subject only to agreement between Chase or Wells Fargo and the Trustee as part of the escrow closing without the need for further notice, hearing or court order.

     i.     Payment of the balance of the sale proceeds, if any, to the senior lienholder, Chase.

     4.     Authorizing the Trustee to sign any and all documents convenient and necessary to complete the sale of the Property pursuant to the terms of the Agreement, including, but not limited to, any and all conveyance documents.

     5.     A determination by the Court that the Buyer is in good faith with respect to the sale pursuant to 11 U.S.C. § 363(m).

     6.     Waiving the fourteen-day stay of the order approving the sale of the Property under F.R.Bankr.P. 6004(h) so that the sale may close as required by the lender in any acceptance of the short sale.

     7.     And for such other and further relief as the Court deems just and proper.

Dated: January 27, 2014                                     Respectfully submitted,

                                                                   */s/ Christina W. Lovato*
                                                                   Christina W. Lovato, Trustee